FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THARRON DENNIS BROWN,

          Petitioner–Appellant,

v.

J. W. WANDS, Warden,

          Respondent–Appellee.

No. 12-1001
(D.C. No. 1:11-CV-02706-LTB)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY**, and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Petitioner, a federal prisoner proceeding pro se, appeals from the district court's

dismissal without prejudice of his § 2241 habeas petition for failure to exhaust

administrative remedies.

Petitioner is currently serving a 120-month sentence for bank robbery. At the time

of his sentencing, Petitioner claimed his pre-sentence report incorrectly included several

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions that should not have been attributed to him, although he "recognize[d] that they do not affect the criminal history calculation as he admitted he is a career offender." (R. at 84.) In response, the government simply stated, "The information in the above-referenced paragraphs was obtained by various U.S. Probation Offices in Texas and were [sic] cross-referenced by defendant's FBI number." (*Id.*) The record does not indicate whether the district court ruled on this dispute, and Petitioner did not file a direct appeal from his conviction and sentence. However, a few years later, Petitioner filed a motion for his sentence to be recalculated based on the PSR's allegedly incorrect inclusion of five Texas convictions attributed to him under the purported alias of Tyrone Fred Hines.[1] The district court construed this motion as a § 2255 habeas petition and concluded that § 2255 relief was barred by the statute of limitations. This court subsequently denied Petitioner's request to file a second or successive § 2255 habeas petition raising this same issue relating to the district court's calculation of Petitioner's sentence.

Petitioner then filed the instant § 2241 petition, in which he argued the execution of his sentence was being affected by the inaccurate PSR. Specifically, he claimed the Bureau of Prisons was relying on this inaccurate information to Petitioner's detriment in its decisions relating to good time credits, transfers, security designations, and rehabilitative programs. He attached to his habeas petition documents that, if authentic, appear to provide substantial evidence that he was actually incarcerated in Colorado at the

---

[1] It is unclear from the record whether these convictions were among the convictions Petitioner objected to at sentencing.

time the Texas offenses were committed by Tyrone Fred Hines, and he requested the court to order the Bureau of Prisons to reevaluate its decisions relating to the execution of his sentence based on this evidence.

The district court concluded that the action should be dismissed without prejudice based on Petitioner's failure to exhaust his administrative remedies. We review this decision de novo. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

As an initial matter, we consider the government's argument that we should affirm the district court's decision on the alternate ground that this is a disguised attempt to bring a second or successive § 2255 petition. To the extent Petitioner seeks to challenge the sentence imposed by the sentencing court, we agree that his claims must fail as second or successive claims for § 2255 relief. However, the bulk of his petition is focused on the Bureau of Prison's execution of his sentence, and Petitioner properly brought these challenges to the execution of his sentence under § 2241. We thus reject the government's attempt to recategorize Petitioner's petition as falling under § 2255.

We therefore turn to the question of exhaustion. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." *Garza*, 596 F.3d at 1203. On appeal, Petitioner argues that exhaustion should not be required in this case on grounds of futility. He has also attached to his opening brief documents indicating he is continuing his attempts to exhaust this issue through the administrative appeals process.

Futility provides a narrow exception to § 2241's exhaustion requirement. *See*

*Garza*, 596 F.3d at 1203-04. However, we conclude that Petitioner has not demonstrated futility here. He has not pointed to any administrative rule under which he will categorically be denied relief in the grievance process, and the reasons given in response to his grievance at the staff level do not prove that his regional and national appeals will be denied as well. *See id.* at 1204.

As for the documents attached to Petitioner's appellate brief, these documents were not presented to the district court, and we will not consider them now. However, we note the district court's dismissal of the instant habeas petition was without prejudice to his filing of another § 2241 petition following proper exhaustion. If his requests for relief are denied through the pending administrative appeals process, Petitioner may file these documents along with other relevant documents to show exhaustion if he chooses to bring another § 2241 action after the administrative appeals process is complete.

Finally, we turn to Petitioner's appellate argument that the Bureau of Prisons violated the Privacy Act by maintaining incorrect information in his PSR. Petitioner did not raise any Privacy Act claims in his original petition, nor did he move to amend the petition to include such claims. We therefore decline to consider this argument on appeal.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Petitioner's § 2241 habeas petition without prejudice. We **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-